**Bernadette WAITES, Appellant**

v.

**KIRKBRIDE CENTER.**

No. 12–3448.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on May 10, 2013.

Opinion filed: June 24, 2013.

---

Thomas M. Holland, Esq., Law Offices of Thomas More Holland, Philadelphia, PA, for Plaintiff–Appellant.

John F. O'Riordan, Esq., O'Riordan Law Firm, Philadelphia, PA, for Defendant–Appellee.

OPINION

ROTH, Circuit Judge:

Bernadette Waites appeals the District Court's order, denying her motion for a

new trial. For the following reasons, we will affirm the District Court's order.

## I. Background

Waites commenced her employment with Kirkbride Center in February 2005. She began to miss work due to health problems in early September 2007 and was admitted to the hospital from September 17 to September 20, 2007. At first, she notified her supervisor of her absences, but she did not continue to do so. On September 18, 2007, Kirkbride sent Waites a letter by certified mail notifying her that her employment was being evaluated based on her lack of attendance. On October 1, 2007, Kirkbride sent Waites a letter terminating her employment based on a breach of Kirkbride's time and attendance policies.

Waites filed a complaint on April 5, 2010, alleging that Kirkbride violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA), by terminating her. The matter was referred to a Magistrate Judge with the parties' consent. After the District Court granted summary judgment for Kirkbride with respect to the ADA claim, the matter proceeded to trial on the FMLA claim.

Before trial, Waites served interrogatories and requests for production of documents on Kirkbride. In response to Waites' request for her personnel file, Kirkbride stated that it had produced all documents in its possession, custody and control that were responsive to Waites' request. Waites did not file a motion to compel discovery of her personnel file. On the last day of trial, Kirkbride's counsel produced the personnel file, explaining that the file had been discovered the previous night in a renewed search. The District Court offered Waites' counsel a recess to review the file, but he elected to proceed and then affirmatively introduced a number of documents from the file, including a handwritten letter stating that Waites contacted her supervisor to decline FMLA leave.

On June 9, 2011, the jury returned a verdict in favor of Kirkbride on the FMLA claim. Waites then filed (1) a motion for sanctions under Federal Rule of Civil Procedure 37, requesting that the judgment be vacated, and (2) a motion for a new trial on several grounds, including the District Court's admission of the personnel file and alleged errors in the jury instructions. Both motions were denied on July 30, 2012. Waites appealed.

## II. Discussion[1]

Under Federal Rule of Civil Procedure 59, a court may "grant a new trial on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A). "A denial of a motion for a new trial is reviewed only for abuse of discretion unless the court's denial of the motion is based on the application of a legal precept, in which case our review is plenary." *Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 290 (3d Cir.1991) (internal quotation marks and citation omitted).

Waites argues that we should reverse the District Court's denial of her motion for a new trial on the grounds that the District Court erred by (1) admitting into evidence documents from Waites' person-

---

1. The District Court had jurisdiction under 28 U.S.C. § 1331, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

nel file, which was discovered on the last day of trial, and (2) using a jury verdict sheet that confused and misled the jury. We conclude that the District Court did not abuse its discretion by denying Waites' motion for a new trial.

## A. Wakes' Personnel File

■ In this appeal, Waites asserts that the District Court erred for two reasons when it admitted documents from her personnel file: (1) the District Court should have excluded the contents of the personnel file as a sanction under Rule 37 because Kirkbride violated Federal Rule of Civil Procedure 26(a) when it did not produce her personnel file until the last day of trial, and (2) the documents were not properly authenticated, contained hearsay, and lacked proper foundation. Neither argument has merit.

First, as to Rule 37, a court may exclude evidence if the party has failed to provide information as required by Rule 26 "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). "The exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791–92 (3d Cir.1994). Here, the District Court held that it did not err by admitting the evidence because "[t]here is no evidence from which this Court could conclude that Defendant's failure to produce the file earlier was due to willful deception or flagrant disregard of any court orders" and Waites "was not prejudiced or surprised by the admission of evidence." *Waites v. Kirkbride Ctr.*, No. 10-cv–1487, 2012 WL 3104503, at *9 (E.D.Pa. July 30, 2012). We find no abuse of discretion in the District Court's denial of the motion for a new trial on these grounds.

■ Second, Waites' argument that that the District Court erred by admitting documents from the personnel file because they were not properly authenticated, contained inadmissible hearsay, and lacked proper foundation also fails. The trial court has great discretion to determine what evidence is admissible. The exercise of this discretion will not be disturbed on appeal unless there is a finding of abuse. *Link v. Mercedes–Benz of N. Am., Inc.*, 788 F.2d 918, 921–22 (3d Cir.1986). Waites offers no proof for her assertions, and, based on our review of the record, the District Court did not abuse its discretion by admitting the documents or by denying the motion for a new trial.

## B. Jury Verdict Sheet

■ Waites argues that she should be granted a new trial because the District Court erred by using a jury verdict sheet that confused and misled the jury. Specifically, Waites alleges that the use of the term "appropriate notice" in Question 2 of the verdict sheet, to which Waites had objected at trial, confused the jury.

We conclude that the District Court did not err by using the term "appropriate notice" in the jury verdict sheet. The verdict sheet, which the District Court derived from the Third Circuit's Model Instructions after the parties failed to agree on a joint verdict sheet, stated in relevant part: "Do you find the plaintiff, Bernadette Waites has proven, by a preponderance of the evidence, that she gave appropriate notice of her need to be absent from work?" Waites argues that the jury could have been confused as to whether "appropriate notice" referred to the FMLA or Kirkbride's attendance policy. However, the District Court, when presenting the verdict sheet to the jury, instructed the jury regarding the FMLA claim and defined "appropriate notice" us-

ing Model Civil Jury Instruction 10.1.1, which lists the elements of an interference claim under the FMLA and describes when "appropriate notice" is given. With this instruction, the verdict sheet was not confusing and the term "appropriate notice" was adequately defined. Thus, the District Court did not abuse its discretion by denying Waites' motion for a new trial on this ground.

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's order.